# EXHIBIT A

**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800)345-4647  Fax: (800)432-3622
rassop@capitolservices.com

# Service Of Process Transmittal Notice

| | | |
|---|---|---|
| CLAUDE MODE<br>VOLTAIRE DESIGN INC<br>3782 NW 124TH AVE STE 208<br>CORAL SPRINGS FLORIDA 33065 | **Date Processed:** | 10/10/2016 |
| | **Completed By:** | LEIGH JOHNSON |
| | **Delivery Method to Client:** | FEDEX 2 DAY LETTER |
| | **Tracking Number:** | 633947663701 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| Date / Time Received | Transmittal # | Delivered to Agent by |
|---|---|---|
| 10/09/2016  2:30 PM in CALIFORNIA | CA-127976 | PROCESS SERVER |

| **With Regard to Client** |
|---|
| VOLTAIRE DESIGN USA, INC. |

| **Title of Case or Action** |
|---|
| SONOMA HORSE PARK V.  VOLTAIRE DESIGN USA, INC., ET AL |

| **Case Number** | **Type of Document Served** |
|---|---|
| SCV-259540 | CITATION/SUMMONS |

| **Court Name** |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA |

| **Note** |
|---|
| |


1-127976Q

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br>**ENDORSED FILED**<br>OCT - 5 2016<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Voltaire Design USA, Inc., Brice Goguet, and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Sonoma Horse Park, a California Corporation

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sonoma Superior Court
600 Administration Drive
Santa Rosa, CA 95403

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. Allison Tussey, 288 Scenic Avenue, Santa Rosa, CA, 95407, (707) 588-8532, allisontussey@sonic.net

DATE: OCT - 5 2016     JOSE O. GUILLEN Clerk, by     Angela Mendia     , Deputy
*(Fecha)*                          *(Secretario)*                                         *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. [XX] on behalf of *(specify):* Voltaire Design USA, Inc.

under: [XX] CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| J. Allison Tussey, SBN 262767<br>Tussey Law<br>288 Scenic Avenue<br>Santa Rosa, CA 95407<br>TELEPHONE NO.: 707-588-8532   FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff Sonoma Horse Park | **ENDORSED FILED**<br>OCT - 5 2016<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma<br>STREET ADDRESS: 600 Administration Drive<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Rosa, CA 95403<br>BRANCH NAME: Civil | |
| CASE NAME:<br>Sonoma Horse Park v. Voltaire Design USA, Inc., et al. | |

| CIVIL CASE COVER SHEET<br>[✓] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>SCV-259540<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [✓] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: Four
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 4, 2016
J. Allison Tussey
*(TYPE OR PRINT NAME)*                                   *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov<br><br>Sonoma Horse Park vs Voltaire Design USA, Inc. | (FOR COURT USE ONLY)<br><br>ENDORSED<br>FILED<br><br>OCT - 5 2016<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE** | Case number:<br>SCV-259540 |

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
AND WITH ANY CROSS-COMPLAINT**

1. **THIS ACTION IS ASSIGNED TO HON. NANCY CASE SHAFFER FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. **EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.**
   A Case Management Conference has been set at the time and place indicated below:

| Date: Tuesday, 02/07/2017 | Time: 3:00 PM | Courtroom 16 |
| Location: 3035 Cleveland Avenue, Santa Rosa. CA 95403 |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

**ORDER TO SHOW CAUSE**

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS
**Enabled by Local Rule 18.16**

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.
**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

J. Allison Tussey, SBN 262767
allisontussey@sonic.net
TUSSEY LAW
288 Scenic Avenue
Santa Rosa, California 95407
Telephone: (707) 588-8532

Attorney for Plaintiff Sonoma Horse Park

ENDORSED
FILED

OCT - 5 2016

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

| | |
|---|---|
| SONOMA HORSE PARK, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>VOLTAIRE DESIGN USA, INC., BRICE GOGUET, and DOES 1-20,<br><br>Defendants. | CASE NO.: SCV-259540<br><br>UNLIMITED CIVIL COMPLAINT & DEMAND FOR JURY TRIAL<br><br>[B&P §§ 16720, 17000 *et seq.*, 17200 *et seq.*] |

Plaintiff brings this Complaint against the Defendants for compensatory and other relief from their failure to act within the minimum strictures imposed by California law. As alleged herein, Plaintiff asks this Court to redress Defendants' failure to conduct business within California law, including but not limited to, the Cartwright Act, Unfair Practices Act and Unfair Competition Act.

### PARTIES TO THE ACTION

1. Plaintiff SONOMA HORSE PARK (hereinafter identified by "SHP" and/or as "Plaintiff") was, at all times relevant to this action, a corporation duly formed under the laws of the State of California.

2. Defendant VOLTAIRE DESIGN USA, INC. (hereinafter "Voltaire") was, at all times relevant to this action, a corporation formed under the laws of the State of Florida. Upon information and belief, Voltaire was, at all times relevant to this action, registered with the California Secretary of State as a Voltaire Design USA, Inc. and conducted business in the State of California, County of Sonoma.

3. Defendant BRICE GOGUET (hereafter "Goguet") was, at all times relevant to this action, an

- 1 -
COMPLAINT

individual employed by VOLTAIRE, living in the State of Florida. Goguet was, at all times relevant to this action, also the owner of Voltaire and its Chief Executive Officer. Goguet, through his business Voltaire, conducted business in the State of California, County of Sonoma.

4. The true names and capacities of Defendants DOES 1 through 20 are unknown to Plaintiff at this time and therefore sue said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will seek leave of this court to amend this complaint accordingly.

5. Plaintiff is informed and believe and thereupon allege that each Defendant designated as a DOE is responsible negligently, intentionally, contractually, or in some other actionable manner for the events and happenings hereinafter referred to, and thereby proximately cause the injuries and damages to Plaintiff as hereinafter alleged, either through said Defendants' own wrongful conduct or through the conduct of their agents.

6. At all times herein-mentioned, Defendants and each of them, were the agents and employees of each of the remaining defendants and were at all times acting within the course and scope of said agency and employment with the permission, knowledge, consent and ratification of each of the remaining Defendants.

**GENERAL ALLEGATIONS**

7. Plaintiff is a world-class horse show facility in Southern Sonoma County. It is an 85-acre facility boasting seventeen arenas making it the ideal showcase for equestrian sports. Sonoma Horse Park hosts seven show jumping competitions annually, each attracting top competitors from all over the Western United States, Canada and Mexico.

8. Defendants are in the business of designing, manufacturing and selling equestrian equipment such as saddles, bridles, girths and the like. Voltaire is one of three "main saddle dealers" in the United States. For example, during the 2015 fiscal year, Voltaire boasted profits, after payment of overhead, of approximately $500,000.

9. SHP sells sponsorships and vendor spaces, among other things, for each of the seven horse shows. Having the presence of prestigious sponsors and vendors adds to the prestige of SHP both in horse show entries, attendees and sales. Voltaire and Goguet sought sponsorship and/or a vendor space

during SHP's 2012 show season. However, Voltaire and Goguet were unable to satisfy the cost associated therewith.

10. Thereafter, Defendants, and each of them, conspired with one another and with at least one other of the two "main saddle dealers" in order to undercut the market price for sponsorship and/or vendor spaces at SHP. They agreed to produce bids, the same bids, for a price that was less than what the sponsorship and/or vendor spaces were being marketed at SHP and by other horse shows. The Defendants, and each of them, intentionally entered into this conspiracy with the aim of forcing SHP, and other horse show companies, to take less than market value for sponsorship and/or vendor spaces.

11. SHP was unaware of the conspiracy at the time, but was unwilling to accept the bids made by Defendants, and each of them, due to the fact that they were substantially lower in price and value. Instead, it was forced to accept vendors other than the three main saddle manufacturers, which resulted in less than average and/or targeted sales quotas, among other things.

12. SHP learned of the conspiracy at a deposition taken of Goguet in another matter on February 24, 2016.

## FIRST CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH PROSEPCTIVE ECONOMIC ADVANTAGE
### (Against all Defendants)

13. Plaintiff reinstates and realleges each and every allegation in this complaint as if they were fully set forth herein, and incorporates each of them by this reference.

14. Plaintiff and at least one of three main saddle dealers were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff;

15. The Defendants, and each of them, knew of the relationship;

16. The Defendants, and each of them, engaged in a price fixing scheme, whereby they each agreed to submit bids, the same bids, for a price that was less than what the sponsorship and/or vendor spaces were being marketed at SHP and at other horse show venues. The Defendants, and each of them, intentionally entered into this conspiracy with the aim of forcing SHP to take less than market value for sponsorship and/or vendor spaces.

17. By engaging in this conduct, Defendants, and each of them, intended to disrupt the relationship

and knew that disruption of the relationship was certain or substantially certain to occur;

18. That the relationship was disrupted;

19. As a result, Plaintiff was harmed; and

20. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## SECOND CAUSE OF ACTION

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (Against all Defendants)

21. Plaintiff reinstates and realleges each and every allegation in this complaint as if they were fully set forth herein, and incorporates each of them by this reference.

22. Plaintiff and at least one of three main saddle dealers were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff;

23. Defendants, and each of them, knew or should have known that this relationship would be disrupted if they failed to act with reasonable care;

24. Defendants failed to act with reasonable care;

25. The Defendants, and each of them, engaged in the wrongful conduct by agreeing to a price fixing scheme, whereby they each agreed to submit bids, the same bids, for a price that was less than what the sponsorship and/or vendor spaces were being marketed at SHP and other horse show venues. The Defendants, and each of them, intentionally entered into this conspiracy with the aim of forcing SHP to take less than market value for sponsorship and/or vendor spaces.

26. By engaging in this conduct, Defendants, and each of them, disrupted the relationship;

27. As a result, Plaintiff was harmed; and

28. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION UNDER BUSINESS & PROFESSIONS CODE § 17200

### (Against all Defendants)

29. Plaintiff reinstates and realleges each and every allegation in this complaint as if they were fully set forth herein, and incorporates each of them by this reference.

30. Plaintiff was selling sponsorships and/or vendor spaces at its shows for the 2012 show season.

31. Defendants, and each of them, knew the price of obtaining sponsorship and/or vendor spaces as they are one of the three main saddle dealers in the United States and have a sponsorship presence at prestigious horse shows, such as those hosted by SHP.

32. Despite knowing the cost, Defendants and each of them, conspired to fix the price, a lower price, by offering bids to SHP that were substantially lower than the asking price.

33. As a result of the conspiracy, SHP was damaged by being forced to accept sponsorship from less prestigious saddle dealers.

34. Defendants' conduct and actions are unlawful under the Cartwright Act, Unfair Practices Act and Unfair Competition Act, and as such, subjects them to civil penalties and treble damages, among other relief sought herein.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CARTWRIGHT ACT – BUSINESS & PROFESSIONS CODE § 16720

### (Against all Defendants)

35. Plaintiff reinstates and realleges each and every allegation in this complaint as if they were fully set forth herein, and incorporates each of them by this reference.

36. The Defendants and their co-conspirators' contract, combination, trust or conspiracy was substantially carried out and effectuated within the State of California and Defendants' conduct within California injured natural persons.

37. Upon information and belief, beginning in approximately the fourth quarter of the year 2011, and continuing thereafter at least up to May 2012, Defendants and their co-conspirators entered into and engaged in a continuing unlawful trust for the purpose of unreasonably restraining trade in violation of § 16720 of the California Business & Professions Code.

38. These violations of § 16720 consisted, without limitation, of a continuing unlawful trust and concert of action among the Defendants, and their co-conspirators, the substantial terms of which were to create and carry out restrictions on commerce in the purchasing of sponsorship and/or vendor opportunities at SHP and other horse show venues.

39. For the purpose of forming and effectuating the unlawful trust, the Defendants conspired to fix the price for sponsorship and/or vendor spaces at SHP and other horse show venues by agreeing that

they would each submit independently to SHP the same bid and one that was substantially lower than the price of the sponsorship and/or vendor spaces being marketed at SHP and other horse show venues.

40.    The combination and conspiracy damaged SHP, among others, by suppressing independent competition in the marketplace for sponsorship and/or vendor opportunities at horse shows in California.

WHEREFORE, plaintiff seeks judgment against Defendants, and each of them, as follows:

1. The Court adjudge and decree that the Defendants' contract, conspiracy, or combination constitutes an illegal restraint of trade in violation of the Cartwright Act, § 16720, *et seq.*, of the Business & Professions Code.

2. The Court adjudge and decree that the Defendants' contract, conspiracy, or combination violates the Unfair Competition Law, § 17200, *et seq.*, of the Business & Professions Code.

3. That Plaintiff be awarded civil penalties pursuant to Business & Professions Code § 17206 in the dollar amount of $2,500 for each violation of the Unfair Competition Law as set forth in this Complaint.

4. For treble damages exceeding $25,000.

5. For attorneys' fees.

6. For costs of suit incurred herein; and

7. For any other and further relief as the court may deem proper.

Dated: June 30, 2016

By: _____
Allison Tussey
Attorney for Sonoma Horse Park